Locke and Hendersost, Judges,
 

 were of opinion that the Plaintiff was entitled to judgment. But by
 

 Hale, Loweie, and Weight,
 

 The act of 1800, ch. 21, declares, in the first section,
 
 “
 
 that from and after the passing of this act, no money shall be recovered at Law, by means of any bet or wager on a horse-race, except a written obligation is produced on the trial, containing the sum so betted or laid on such horse-race, signed, sealed, and attested by at least one witness.” This part of the act has been complied with by the Plaintiff, by the production of the written obligation upon the trial, a copy of which makes a part of the present case. The second section declares, “ that all horse-racing contracts shall be reduced to writing, and signed by the parties thereto at the time they are made, otherwise they shall be void: and all sub-contracts or by-bets on the same, shall also be reduced to writing, and signed by the parties to such by-bets, or the same shall be void : and on all trials at Law,, where it may be necessary to give such contracts .in evidence, no parol testimony shall be admitted, to alterVr explain such contracts.” The first and third questions may be considered together. There would be no difficulty in the case, if the obligation declared on recited the terms of the race made between the Defendant and Ward, or referred with sufficient certainty to the articles entered into by them, in which articles those terms are contained. In that • < *{ case, the articles referred to would become connected with the obligation on which the suit is brought, and would be viewed in the same light as if they had been
 
 *300
 
 signed by the Plaintiff and Defendant. The contract between the parties, as well as the sum bet, would be evj¿eiice(i by a writing signed by the parties. But the obligation merely refers to “ a race made,” without saying whether the terms of such race were reduced to writing, or existed in the memory of witnesses. In the latter case, the Plaintiff clearly could not recover. But suppose it to be otherwise, (as probably the fact was,) and the Plaintiff should be permitted to give such articles in
 
 evidence;
 
 the Defendant would be permitted to shew that he and Ward made another race on the day referred to or mentioned in the obligation declared on : it would then be a matter of controversy between the parties, to which race the obligation referred, and that controversy could only be settled by the introduction of parol testimony. The Legislature did not intend that horse-racing contracts should in any respect depend upon testimony of that kind, further than to prove the execution of the writings in which they were
 
 contained;
 
 nor would such testimony in the present case be necessary, if the obligation sued on had either recited the terms of the race, or referred with sufficient certainty to any instrument or writing in which they were contained. The act is express, that all such sub-contracts or by-bets shall be reduced to writing, and signed by the parties, or the same shall be void. That has not been done in the present case: the writing signed by Ward and Culpepper has not been signed by Arrington and Culpepper. It is true that this is not strictly required
 
 ;
 
 but it ought to be referred to by the obligation sued on, with so much certainty as to preclude the necessity of producing parol testimony to connect them. This case must be viewed as if the articles had not been signed by Ward and Cul-pepper, but by Ward and some other person
 
 ;
 
 because, although the Defendant and Ward signed them, yet on the same day, they might have made another race, and Signed, other articles, in which case it would be uncer
 
 *301
 
 tain to which race the Plaintiff and Defendant referred. As the Plaintiff has been fortunate in this race, he is willing to admit that those were the articles, and thinks the Defendant should be compelled to do the same because he signed them. But the Plaintiff would not deem this reasoning very applicable, if he had lost the race and were Defendant in this suit.
 

 As to the second question, it is in substance this, whether the Plaintiff is in any better situation in consequence of the Defendant having directed the stakeholder to deliver the obligation to him, after losing the race, than he would be in, provided he had proved by witnesses that he won the race, and that in consequence thereof, thé stakeholder had delivered the obligation to him ? If such direction by the Defendant \,.as to have the effect of making the obligation which had been delivered as an escrow, stand as one delivered by the Defendant to the Plaintiff, and not to be considered as having been delivered as an
 
 escrow
 
 at all, it would be all-important to the Plaintiff. But that cannot be done. The Defendant did not himself deliver the bond to the Plaintiff $ (but if he had, it would not alter the case 5) he only directed the stakeholder to do it. The effect then can be no other than if proof tantamount thereto had been adduced. The Defendant’s confessions out of Court, place things precisely where they would be, if the facts confessed had been proved in Court. They amount to this, that he lost the race with Ward, that that was the race referred to in his obligation$ but that the contract which he made with the Plaintiff was defective in point of Law, of which defect he claimed the benefit. We.are therefore of opinion, that the contract has not been entered into agreeably to the directions of the act of Assembly, and that judgment should be entered for the Defendant»